JRO:MKD:ljc 37169 \pleading\37169Answer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAROLINE DACOSTA, as Personal Representative and Administratrix for the Estate of JOSE L. DACOSTA, JR. | : : : : | |
| VS. | : : | C. A. NO. 04cv12059 JLT |
| CPR FISHING, INC. | : | |
| | | |
| PEARL BEAUVAIS, as Personal Representative and Administratrix for the Estate of JOHN BEAUVAIS | : : : : | |
| VS. | : : | C.A. NO. 04-12057 NG |
| CPR FISHING, INC. | : | |

## ANSWER OF DEFENDANT TO COMPLAINT OF PLAINTIFF BEAUVAIS

### FIRST DEFENSE

1. Admitted.

2. Admitted.

3. Defendant admits the action is brought under DOHSA and asserts the preemption of Massachusetts wrongful death claims.

### COUNT I—COMMON LAW NEGLIGENCE OF DEFENDANT

4. Defendant incorporates its prior responses.

5. Admitted.

6. Defendant acknowledges the duty of both vessels to exercise reasonable care and denies the remaining allegations.

7. Admitted.

8. Admitted.

9. Admit the declaration of death and deny the remaining allegations.

10. Denied.

11. Denied.

WHEREFORE, defendant demands judgment against plaintiff.

## COUNT II—WRONGFUL DEATH UNDER MASSACHUSETTS GENERAL LAWS 224 §§ 2 and 6

12. Defendant incorporates its previous responses.

13. Admitted.

14. Defendant acknowledges the duty of both vessels to exercise reasonable care and denies the remaining allegations.

15. Admitted.

16. Admitted.

17. Admit the declaration of death and deny the remaining allegations.

18. Denied.

19. Defendant acknowledges plaintiff's assertion and denies the application of the Massachusetts statutes cited to the cause.

20. Defendant acknowledges the plaintiff brings the claim and denies the application of the Massachusetts statutes to the cause.

WHEREFORE, defendant demands judgment against plaintiff.

## COUNT III—DEATH ON THE HIGH SEAS

21. Defendant repeats its responses.

22. Admitted.

23. Defendant acknowledges the duty of both vessels to use reasonable care.

24. Admitted.

25. Admitted.

26. Defendant acknowledges the declaration of death and denies the remaining allegations.

27. Denied.

28. Denied. Defendant leaves plaintiff to its proof.

29. Admit the pleading, deny legal responsibility or legal viability of the cause.

30. Admit the pleading, deny legal responsibility or legal viability of the cause.

31. Admit the pleading, deny the allegation as a full statement of applicable law.

32. Admit the pleading, deny the claim.

WHEREFORE, defendant demands judgment against plaintiff.

## SECOND DEFENSE

A lack of jurisdiction. The defendant affirmatively pleads that the plaintiff has failed to establish jurisdiction over a claim under Massachusetts General Laws.

WHEREFORE, defendant demands judgment against plaintiff.

## THIRD DEFENSE

Defendant affirmatively pleads that plaintiff fails to state a claim upon which relief can be granted for loss of consortium, emotional distress and other non-pecuniary damage.

WHEREFORE, defendant demands judgment against plaintiff.

## FOURTH DEFENSE

Lack of due care and negligence of plaintiff. The defendant affirmatively pleads that the plaintiff's death was due in whole or in part to the decedent's own negligence and failure to exercise duty of care, skill and knowledge in the performance of his work reasonably to be required of a


fisherman of the plaintiff's experience and not due to any negligence or fault on the part of the defendant.

WHEREFORE, defendant demands judgment against plaintiff.

### FIFTH DEFENSE

Violation of primary duty rule. Defendant affirmatively pleads that plaintiff's death was due to the plaintiff's failure to observe and adhere the primary duty rule to exercise his duty of care, skill and knowledge in the performance of his work as a lookout pilot and crewman as reasonably required of him.

WHEREFORE, defendant demands judgment against plaintiff.

### SIXTH DEFENSE

Contributory negligence. The defendant affirmatively pleads that the decedent failed to observe and employ a safe alternative practice, thus contributing to his own injury.

WHEREFORE, defendant demands judgment against plaintiff.

### SEVENTH DEFENSE

Intervening cause. The defendant affirmatively pleads that the decedent's death is due to an intervening event for which the defendant is not responsible.

WHEREFORE, defendant demands judgment against plaintiff.

### EIGHTH DEFENSE

Negligence of others, not the defendant. The defendant affirmatively pleads the decedent's death was due to the actions/omissions of individuals for whom the defendant is not legally responsible.

WHEREFORE, defendant demands judgment against plaintiff.

### NINTH DEFENSE

The defendant affirmatively pleads that plaintiff fails to state a claim upon which relief can be granted.

Defendant hereby demands a trial by jury.

DEFENDANT,
By its Attorney,

_____
J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

## CERTIFICATION

I certify that I sent a true copy of the within on 3·9·05 to:

Thomas J. Hunt, Esq.
18 North Water Street
New Bedford, MA 02740

_____