MKD:ljc 37169 \pleading\37169Memorandum

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLINE DACOSTA, as Personal Representative and Administratrix for the Estate of JOSE L. DACOSTA, JR. | : : : : |
| VS. | : C. A. NO. 04cv12059 JLT |
| CPR FISHING, INC. | : : |
| | |
| PEARL BEAUVAIS, as Personal Representative and Administratrix for the Estate of JOHN BEAUVAIS | : : : : |
| VS. | : C.A. NO. 04-12057 NG |
| CPR FISHING, INC. | : : |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO OF PLAINTIFFS' COMPLAINTS

This action arises out of a tragic incident that occurred on September 8, 2003, approximately twenty-eight miles off the eastern coast of Nantucket. (See plaintiffs' Complaints ¶s 8 and 16.) During the nighttime hours, the F/V Katrina Lee collided with the F/V Lonely Hunter while steaming back from the fishing grounds. As alleged in the complaint, the collision caused the smaller F/V Lonely Hunter to capsize and sink, resulting in the deaths of two of its crewmen, plaintiffs' decedents, Jose Dacosta and John Beauvais.[1]

---

[1] The boat's captain, John Weckesser, survived the collision and was subsequently picked up by the crew of the Katrina Lee. His claim has been resolved and his action has been dismissed.

Plaintiffs, the personal representatives of the estates of the decedents, commenced their actions alleging three distinct theories of recovery: Count One for common law negligence, Count Two under the Massachusetts Wrongful Death Statute, and Count Three under the Death on the High Seas Act ("DOHSA").

As set forth in various portions of defendant's answer to plaintiff's complaint, an action under the DOHSA (46 U.S.C. §761 *et. seq.*), is solely for the pecuniary damages suffered by the decedents' heirs at law and is the only cause of action available to the plaintiffs for their decedents' deaths. "DOHSA now operates as the exclusive basis of recovery for a death occurring on the high seas, preempting all other forms of wrongful death claims under state or general maritime law." *Curcuru v. Rose's Oil Service, Inc.*, 802 N.E.2d 1032 (Mass. 2004), citing *Dooley v. Korean Airlines Co.*, 524 U.S. 116, 123 (1998). Section 761(a) provides:

> . . . Whenever the death of a person shall be caused by wrongful act, neglect or default occurring on the high seas beyond a marine league from the shore of any state, . . . the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued.

Section 762(a) prescribes the damages recoverable under DOHSA:

> The recovery in such suit shall be a fair and just compensation for the *pecuniary loss* sustained by the persons for whose benefit the suit is brought and shall be apportioned among them by the court in proportion to the loss they may severally have suffered by reason of the death of the person by whose representative the suit is brought. (Emphasis added.)

It is also well established that a "marine league" is three nautical miles from the coast of any state. As the plaintiff has acknowledged in the complaint, this accident occurred approximately twenty-eight miles off the eastern coast of Nantucket.[2] (See plaintiffs' complaint, ¶s 8 and 16.)

Because congress has provided the sole cause of action for a death caused on the high seas, only those damages provided for within DOHSA are recoverable. As §762 explicitly provides, those damages are solely pecuniary and solely for the benefit of those that would have benefited by the decedent's death.

The seminal case on this issue is *Dooley v. Korean Airlines Co., supra.* In *Dooley*, a passenger airplane owned and operated by the defendant was shot down over the Sea of Japan by the former Soviet Union when it negligently strayed into Soviet airspace. The decedents' representatives attempted to bring survival actions under the General Maritime Law for the recovery of the decedents' pre-death pain and suffering, in addition to the pecuniary damages provided in DOHSA. In upholding the Circuit Court's decision denying plaintiffs' action under the General Maritime Law, the Supreme Court stated:

> Congress has spoken on the availability of a survival action, the
> losses to be recovered, and the beneficiaries, in cases of death on
> the high seas. Because congress has chosen not to authorize a

---

[2] The Court may take judicial notice of the fact that twenty-eight miles off the coast of Nantucket is not within the territorial waters of Massachusetts, which is limited to three miles off the coast of a state. The Court may take judicial notice of geographic facts. *Mitchell v. Nolla, Galib & Compania*, 176 F.Supp. 883, 886 (D.C.P.R. 1959); *The Appollon*, 22 U.S. 362 (1824) (The Supreme Court is bound to take notice of public facts and geographical positions.) *See also, Peyroux v. Howard*, 32 U.S. 324 (U.S. La. 1833) (Same). Therefore, this incident occurred outside of the state's territorial waters.

> survival action for a decedent's pre-death pain and suffering there can be no General Maritime survival action for such damages. *Id.* at 124.

Because this incident occurred on the high seas, recovery by the plaintiffs for their decedents' deaths is strictly limited to a DOHSA cause of action and the pecuniary damages provided therein.

The Fifth Circuit recently addressed the precise issue presented in this case in *Scarborough v. Clemco Industries*, 391 F.3d 660 (5th Circuit 2004) (i.e., can a Jones Act seaman or his survivors recover non-pecuniary damages in a suit against a non-employer third-party). Citing and extensively analyzing the Supreme Court's decision in *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990) and the uniformity principle of admiralty law analyzed in that case, the court found that DOHSA provides the only damages recoverable for the wrongful death of a seaman resulting from the acts of a third party. Under the uniformity principle, where congress has defined the damages available for a particular action, no other actions can be used to supplement the available damages. Whether brought under the General Maritime Law, the Jones Act or the DOHSA, the uniformity principle requires that pecuniary damages are the sole source of recovery for a wrongful death occurring on the high seas at the alleged hands of a third-party. *Id.* at 666, citing *Miles v. Apex Marine* at 32.

## CONCLUSION

Because it is clear solely from a review of plaintiff's complaint that the sole cause of action for the death of the decedent is provided for under the Death on the High Seas Act, defendant respectfully requests this Court dismiss Counts One and Two of the plaintiff's complaint.

Respectfully submitted,

DEFENDANT,
By its Attorney,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

## CERTIFICATION

I certify that I sent a true copy of the within on 4.8.05 to:

Thomas J. Hunt, Esq.
18 North Water Street
New Bedford, MA 02740

-5-