UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------
CAROLINE DACOSTA, as Personal        )
Representative and Administratrix for the  )
Estate of JOSE L. DACOSTA, JR.       )
                                     )
              Plaintiff,             )     Civil Action No.:  04cv12059 JLT
                                     )
       vs.                           )
                                     )
CPR FISHING, INC.,                   )
                                     )
              Defendant.             )
-----------------------------------------------
```

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS I AND II OF THE COMPLAINT

Now comes the plaintiff in opposition to defendant's motion to dismiss Count One and Count Two of plaintiff's complaint. The plaintiff sets forth the following statement of reasons as grounds therefore.

Counts One and Two of the plaintiff's complaint are brought under Massachusetts common and statutory law for the death of Jose DaCosta. Mr. DaCosta was a member of the crew of the F/V Lonely Hunter when it collided with the F/V Katrina Lee on September 8, 2003. The F/V Katrina Lee was owned by defendant CFR Fishing, Inc. As a result of the collision, Mr. DaCosta was initially lost at sea, but part of his remains were later recovered. The United States Coast Guard is presently still performing its investigation of the collision and there is a possibility of criminal charges being brought against the F/V Katrina Lee.

Counts One and Two of the plaintiff's complaint allege that the defendant was negligent for allowing its vessel, F/V Katrina Lee, to go to sea improperly manned. As a result of being improperly manned, the plaintiff contends that the F/V Katrina Lee could not have and did not

have a proper lookout, which resulted in its collision with the F/V Lonely Hunter. The negligence claim against the defendant for allowing the F/V Katrina Lee to go to sea improperly manned is grounded on Massachusetts law. Count Three of the complaint, under the Death on the High Seas Act, is grounded on the defendant's negligent operation of the vessel while at sea.

As such, the issue before the Court with regard to Counts One and Two is one of choice of law. That is, whether the negligent conduct of the defendant on land and within the territorial waters of the Commonwealth of Massachusetts that lead to the death of Jose DaCosta at sea should be governed by the common and statutory law of Massachusetts or the federal Death on the High Seas Act.

This Court addressed the issue of choice of law in *Reisch v. McGuigan*, 745 F.Supp. 56 (D.Mass.1990). In *Reisch*, the plaintiffs were involved in an automobile accident in Quebec and brought an action in Massachusetts based on Massachusetts common law. The Court recognized that the Massachusetts Supreme Judicial Court in *Pevoski v. Pevoski*, 371 Mass. 358, 358 N.E.2d 416 (1976), had abandoned the state's strict adherence to the traditional doctrine of *lex loci delicti*, and that different laws could apply to different aspects of a case, depending on which jurisdiction had the dominant interest in their resolution. *Reisch v. McGuigan*, 745 F.Supp. 56, 59 (D.Mass.1990). See also, *Cohen v. McDonnell Douglas Corp.*, 389 Mass. 327, 450 N.E.2d 581 (1983). As such, the Massachusetts state and federal courts have moved more towards the approach of the Restatement (Second) of Conflict of Laws. See, *Bushkin Associates, Inc. v. Raytheon Co.*, 393 Mass. 622, 473 N.E.2d 662 (1985).

Section 6(b) of the Restatement (Second) provides, in relevant part:

The factors relevant to the choice of the applicable rule of law include:

(a) the needs of the interstate and international system,

(b) the relevant policies of the forum,
(c) the relevant policies of the other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result,
(g) ease in the determination and application of the law to be applied.

Section 145 of the Restatement (Second) provides that in *tort* cases:

(1) The rights and liabilities of the parties with respect to an issue are determined by the local law of the state, which with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered

RESTATEMENT (SECOND) OF CONFLICT OF LAWS (1971) (emphasis added)

Although in the instant matter the choice of applicable law is between federal and state law, as opposed to the laws of different states, the principles of the Restatement (Second) are equally applicable. Of the four factors set forth in § 145 (2) (a)-(d), three weigh in favor of allowing Counts One and Two under Massachusetts common and statutory law to stand. First, the place where the to conduct causing the injury to occur, that is the F/V Katrina Lee leaving port improperly manned, occurred in Massachusetts and not the high seas. Second, the deceased, Jose DaCosta, was a resident of Massachusetts and the defendant was conducting business in Massachusetts. Third, the relationship between the deceased and the defendant was centered in Massachusetts where the defendant hired the deceased as a deckhand. Only the place of injury occurred on the high seas, within the jurisdiction of the applicable federal law.

3

Furthermore, with regard to the jurisdiction with the dominant interest in the resolution of the matter, the Commonwealth of Massachusetts has a stronger interest in protecting the rights of the estates of its citizens that die from the wrongful acts of another than does the federal government, as evidenced by probate matters being handled on the state level. It is only under the Massachusetts common law and wrongful death act that the Estate Jose DaCosta can be justly compensated for the conscious pain and suffering endured by Jose DaCosta before his death.

With regard to § 6(b) subsection (a), the needs of the interstate and international system, there is no apparent need in the federal system that justifies denying a citizen of Massachusetts the protections of the common and statutory law of the Commonwealth in a wrongful death action seeking just and fair compensation. With regard to § 6(b) subsection (d), the protection of justified expectations, the citizens of the Commonwealth of Massachusetts certainly expect that if wrongs are committed against them in Massachusetts they would have access to the Commonwealth's body of law with regard to the wrongs committed, as well as an opportunity to seek compensation based on the law of Massachusetts. With regard to § 6(b), subsection (f), certainty, predictability and uniformity of result, Massachusetts law of course has a long history of addressing maritime negligence matters which this Court can rely on, as well as maritime negligence law from other jurisdictions, that would provide certainty, predictability and uniformity of result. With regard to § 6(b), subsection (g), ease in the determination and application of the law to be applied, there is no apparent difficulty this Court would face in applying the common and statutory law of Massachusetts in this matter.

As the federal courts look to the choice of law rules of the forum state in these matters, and as Massachusetts now relies on the Restatement (Second) in deciding these issues, and in

consideration all of the factors set forth in the Restatement (Second), there is clearly strong grounds for this Court to allow the plaintiff to pursue claims under Masschusetts common and statutory law, as are set forth in Counts One and Two of the plaintiff's complaint.

Wherefore, based on the grounds herein stated, the plaintiff respectfully requests this Honorable Court to deny the defendant's instant motion, allow Counts One and Two of the plaintiff's complaint to stand, and such other relief as to this Court seems just and fair.

> Respectfully submitted,
> Plaintiff, Caroline DaCosta,
> By her attorneys,
>
> Thomas J. Hunt, Esq.
> BBO# 244680
> Frank S. Gattuso, Esq.
> BBO# 653132
> Thomas J. Hunt & Associates
> 18 North Water Street
> New Bedford, MA  02740
> (508) 994-7300 (Telephone)
> (508) 984-0755 (Facsimile)

## CERTIFICATION

I certify that I sent a true copy of the within on 4/20/05 to:

J. Renn Olenn, Esquire
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI  02886