JRO:MKD:ljc 37166 \pleading\37166ReplytoMemo



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAROLINE DACOSTA, as Personal Representative and Administratrix for the Estate of JOSE L. DACOSTA, JR. | : : : : | |
| VS. | : : | C.A. NO. 04CV12059 JLT |
| CPR FISHING, INC. | : | |
| | | |
| PEARL BEAUVAIS, as Personal Representative and Administratrix for the Estate of JOHN BEAUVAIS | : : : : : | |
| VS. | : : | C.A. NO. 04-12057 NG |
| CPR FISHING, INC. | : | |

### DEFENDANT'S REPLY TO PLAINTIFF CAROLINE DACOSTA'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT

Plaintiff Caroline Dacosta argues that the choice of law principles of Massachusetts apply in determining whether federal or state wrongful death statutes apply in this case. Choice of law principles, however, have no relevance where congress has preempted all state law. That is precisely what the Death on the High Seas Act ("DOHSA") does for any death occurring on the high seas. 46 U.S. CA. App. §761, *et seq.*

The Supreme Judicial Court of Massachusetts recognized this federal preemption in *Curcuru v. Rose's Oil Service, Inc.*, 802 N.E.2d 1032 (Mass. 2004). Citing several United States Supreme Court cases, the court recognized that "DOHSA now operates as the exclusive basis of recovery for a death

occurring on the high seas, preempting all other forms of wrongful death claims under state or general maritime law." *Id.* at 1035 citing *Dooley v. Korean Airlines Co.*, 524 U.S. 116, 123 (1998); *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 221 (1986); *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618 (1978).

Therefore, no choice of law principles are applicable to the present case. DOHSA provides the exclusive remedy for a death occurring on the high seas, which plaintiff does not dispute occurred in this case. Accordingly, Counts I and II based on the common law and wrongful death statute in Massachusetts must be dismissed as a matter of law.

Respectfully submitted,

DEFENDANT,
By its Attorney,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 5.10.05 to:

Thomas J. Hunt, Esq.
18 North Water Street
New Bedford, MA 02740

-2-