UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLINE DACOSTA, as Personal Representative and Administratrix for the Estate of JOSE L. DACOSTA, JR., <br><br> Plaintiff, <br><br> v. <br><br> CPR FISHING, INC., <br><br> Defendant, <br><br>―――――――――――――――― <br><br> PEARL BEAUVAIS, as Personal Representative and Administratrix for the Estate of JOHN BEAUVAIS, <br><br> Plaintiff, <br><br> v. <br><br> CPR FISHING, INC., <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action No. 04-12059-JLT |

ORDER

May 17, 2005

TAURO, J.

    Plaintiffs allege that two commercial fishing vessels collided at sea, approximately twenty-eight (28) miles off the coast of Nantucket, Massachusetts.[1] Fishermen Jose DaCosta, Jr. and John Beauvais died as a result of the collision.[2] Because these deaths occurred beyond a marine

―――――――――――――――――

[1] Compl. ¶¶ 8, 16, 25.

[2] Compl. ¶¶ 9, 17, 26.

league from the shore of any state, the Death on the High Seas Act ("DOHSA"), 46 U.S.C.App. §§ 761 *et. seq.*, applies to this case. Where it applies, DOHSA preempts all other forms of wrongful death claims under state law.[3]

For the foregoing reasons, this court hereby orders that:

1. Defendant's Motion to Dismiss Counts One and Two of Plaintiffs' Complaints [#13] is ALLOWED.

IT IS SO ORDERED.

/s/ Joseph L. Tauro
United States District Judge

---

[3] Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 230-32 (1986); Curcuru v. Rose's Oil Serv., Inc., 802 N.E.2d 1032, 1035 (Mass. 2004).