JRO:CLI:kap 37166   \pleading\37166mtcai.wpd

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLINE DACOSTA, as Personal Representative and Administratrix for the Estate of JOSE L. DACOSTA, JR. | : : : : |
| VS. | : C.A. NO. 04CV12059 JLT |
| CPR FISHING, INC. | : : |
| | |
| PEARL BEAUVAIS, as Personal Representative and Administratrix for the Estate of JOHN BEAUVAIS | : : : : |
| VS. | : C.A. NO. 04-12057 NG |
| CPR FISHING, INC. | : : |

## DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES

NOW COMES Defendants, CPR Fishing, Inc., and hereby moves to compel answers to interrogatories propounded on plaintiff, Caroline DaCosta, within twenty (20) days from the date of the court order as propounded on the plaintiff and attached hereto . In support hereof, your Defendants state that the Plaintiff has not filed his answers in timely compliance with Federal Rule of Civil Procedure 33. Copies of the original interrogatories propounded are attached hereto.

A memorandum of law is attached in support of this motion.

DEFENDANT,
By its Attorney,

J. Renn Olenn, Esq. #642090
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

-1-

## CERTIFICATE OF ATTEMPT TO RESOLVE

The undersigned hereby certifies that prior to this motion that he conferred with opposing counsel and they were unable to resolve this matter.

_____
J. Renn Olenn, Esq. #642090

## CERTIFICATION

I hereby certify that I forwarded a true copy of the within on 11/2/05 to:

Thomas J. Hunt, Esq.
18 North Water Street
New Bedford, MA 02740

_____
Kendra Pascucci

JRO:mes 37169 \pleading\37169carolineadmin.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLINE DACOSTA, as Personal Representative and Administratrix for the Estate of JOSE L. DACOSTA, JR. : : : : | |
| VS. : | C.A. NO. 04CV12059 JLT |
| CPR FISHING, INC. : : | |
| PEARL BEAUVAIS, as Personal Representative and Administratrix for the Estate of JOHN BEAUVAIS : : : : | |
| VS. : | C.A. NO. 04-12057 NG |
| CPR FISHING, INC. : : | |

**DEFENDANT'S INTERROGATORIES ADDRESSED TO THE PLAINTIFF, CAROLINE DaCOSTA, AS ADMINISTRATRIX OF THE ESTATE OF JOSE L. DaCOSTA, JR.**

1.   Please state your full name, date of birth, Social Security Number, driver's license number, marital status, residence, business and business address. Please include any other names by which you are known. Further, you are to state the full name, date of birth, Social Security number, driver's license number, marital status, residence, business and business address of the decedent.

2.   If your decedent had any accident, injury, disease, or abnormality of any kind prior to the accident or incident alleged in this action for which your decedent sought medical attention, please state the time and place of such occurrence or occurrences; the nature and date of each such accident, injury, disease or abnormality; and the names and addresses of all hospitals and doctors who treated for each such accident, injury, disease or abnormality. Also state the dates of such treatments and the names and addresses of any and all persons against whom any claim was made or action commenced (giving name and location of such court or commission), as a result of such accident, injury, disease or other abnormality.

3.   If you or you on behalf of decedent have made any claim, started any action or received any money in full or partial settlement of any claim arising out of this incident from any person, firm or company or any benefits, TDI or WCC, please state the name and address of the person, firm or company against whom you made it, the date on which you received the money, the amount of money received, and whether or not you are willing to produce upon the defendant's

request a copy of any covenant, release or discharge that may be in existence.

    4.    State the name, address, area of expertise, and qualifications of any expert witness you have retained to testify on your behalf at trial and with respect to each, provide:

        a.    the subject matter on which the expert is expected to testify.

        b.    the facts and opinions to which each expert is expected to testify;

        c.    a summary of the grounds for each opinion of each expert;

        d.    all treatises, texts or articles relied upon by the expert in forming each such opinion; and

        e.    all tests, inspections, studies, calculations or experiments relied upon by the expert in forming each such opinion.

    5.    If your decedent was protected by any insurance company from the risk from which this action arises, state the name and address of each of your decedent's insurers, stating for each the type and amount of coverage, whether any coverage for the acts in question has been denied or declared subordinate to another insurer, and if either or both state when; and state each and every coverage that was in effect for the incident in question.

    6.    Please state the name and address of each witness to any facts material to your claim of defendants' breach of duty or any other witness who may have any knowledge concerning the alleged accident or incident itself who is known to you, your attorney, or any person acting in your behalf and state their relation to you and if you knew them before this incident.

    7.    State whether any photographs were taken of the decedent and his children or alleged spouse and for each please produce a copy and identify the time place and circumstances of each such photograph and the name and address of the person who now has possession of the original.

    8.    State the name of each bank account whether checking or savings for the decedent and provide all information as to his earnings in the last five years of his life to include where he worked, what his job description was, how often he worked, the amount of income that he made each month and year for the last five years and list all witnesses who have worked with him and if the decedent filed tax returns, so state.

    9.    If you contend that either the *F/V Lonely Hunter* or the *F/V Katrina Lee* were responsible for the death of your decedent so state and describe the facts upon which you base that claim and identify with sufficient clarity to support a request for production all documents which you believe to support the contention that you make as to each vessel's responsibility.

    10.    State whether or not a statement or deposition, including statement voice recordings,

were taken from any person in connection with this incident; setting forth the date such statement or deposition was taken and by whom it was taken, including any statement or report made by the defendant and whether or not it is signed, and who now has custody of the statement.

11. Excluding privileged communications between client and counsel, state the time, place, speakers and substance of those conversations between or among the parties, their agents, employees or other witnesses that contain a fact or facts that relate to your claim or defense, whether or not you intend to present the substance of those conversation(s) at trial.

12. State for both you and any person for whom you make claim, whether any of you has ever pleaded guilty or nolo, been convicted of, or had a sentence imposed because of any criminal offense in any state, including traffic violations, and as to each of the above, identify the party, state the charge, date, court and disposition.

13. As personal representative of the decedent identify by name and date of birth every person who claims that they had an expectation of actual pecuniary benefits from the continued life of the decedent to include the spouse (and date and place of marriage), parent (s) and child (children); and, if there were other dependant relative identify them by name, date of birth, relationship to the deceased and provide all facts that establish their "dependency" upon the deceased.

14. For each person identified in the paragraph above identify each amount of each persons claim to include the daily, weekly, and annual actual pecuniary loss for each year that each person claims they will suffer a loss, and provide for each claimant the total actual pecuniary loss discounted to present value and state the method by which the discount was arrived at.

15. State the date of marriage of Kathy Coe to Jose E. DaCosta Jr. and if no marriage occurred then state whether or not a common law marriage is alleged and if it is then state the indicia or other facts which support a claim of common law marriage.

16. For each child of Jose E. DaCosta, Jr., state their place of birth, the pre-and post natal genetic defects as well as any other disease or injury of each all their health conditions whether they have begun their schooling and if so state the performance of their schoolwork in relation to their classmates, and if there is any grade card or IEP or other learning plan, or record of school performance for the child then so state and attach a copy to these interrogatories.

17. State for any person who is the mother of a child of Jose E. DaCosta Jr. the highest grade of formal schooling achieved, describe whether they have any formal training in any job after high school and include any certificate, diplomas or other evidence of learning or achievement in any school, trade or practice.

18. If any person could reasonably have expected pecuniary benefits from the continued life of the decedent then identify for each person if they have received welfare or social security benefits so state, name the beneficiary, and describe all such benefits as to when they began whether before or after the death of the decedent, and amount received whether from welfare, aid to dependent children, social security, private donations, special education or any other social or financial assistance and

describe when it began and if it has ended and if it has not ended when it is expected to end, and the total value of all such payments or services to date, and the total value of payments or services for the expected period of time they are to occur.

19. State the names and addresses of all educational institutions attended by the decedent, indicating the period of attendance at each; whether-or not the decedent graduated there from, the degrees received, if any, and the dates on which they were awarded; and please describe in detail any occupational training, experience, or skill the decedent may have had, and please give the weight and height of the decedent at the time of the incident.

20. What is the name and address of each physician consulted by the decedent concerning the condition of his health during his life, specifying as to each occasion the purpose for which the physician was consulted.

21. State the entire earnings history of the decedent to the best of your ability, identifying employer, the dates of employment, the nature of the employment and the wages or other remuneration earned at each job and the total remuneration earned at each job to include benefits, pension rights or other sources of money.

22. State and describe each, all and every type of damage or loss sustained as a result of the decedent's death and for each provide a description of the loss or damage, the amount of loss or damage for each category and if any damage or loss has been compensated then so state and provide a copy of the documentation of such compensation either by release, bill marked "paid" or other documentary evidence of payment and for all uncompensated loss describe it whether or not it has been discussed in prior answers to these interrogatories

DEFENDANT,
By its Attorney,

J. Renn Olenn, Esq. BBO #642090
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

## CERTIFICATION

I certify that I sent a true copy of the within on        4/15/05                                              to:

Thomas J. Hunt, Esq.
18 North Water Street
New Bedford, MA 02740                              _____